UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANH BI LEE, <br> a/k/a Anh Bi Le, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO.   C06-1666-JCC-MJB <br> (CR04-180-JCC) <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner is incarcerated in a federal prison in Mississippi, serving a ten-year sentence for drug-related charges. He filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1). His principal claim is that trial counsel was ineffective for failing to adequately explain the government's proposal for a plea bargain. The government has filed an answer and also a supplemental answer. (Dkt. No. 7, 9). On February 19, 2008, the Court held an evidentiary hearing at which petitioner and his trial counsel both testified. After hearing the testimony and reviewing the briefs submitted by the parties, the Court concludes, for the reasons set forth below, that petitioner's motion should be denied.

## BACKGROUND

The following summary is based upon testimony adduced at the evidentiary hearing and facts from the record in this case and the underlying criminal case, Case No. CR04-180-JCC.

REPORT AND RECOMMENDATION
PAGE 1

The factual statements below constitute the Court's proposed findings of fact pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Petitioner Anh Bi Lee was born forty years ago in Viet Nam.  His mother was Vietnamese and his father was an American soldier.  Petitioner does not recall ever meeting his father.  His step-father was an interpreter.  Petitioner spoke Vietnamese at home with his family.

Petitioner's formal schooling ended after sixth grade in Viet Nam.  When he was twenty-three years old, he emigrated to the United States.  He has worked at odd jobs since coming here, from janitor to bus-boy.  In July 1990, he took a three-month class in English as a second language.

On March 19, 2004, petitioner was arrested, along with alleged co-conspirators Xuan and Hung Van Nguyen, for conspiracy to distribute cocaine.  (Dkt. No. 1 in Case No. CR04-180-JCC).  He retained private counsel, Robert Goldsmith.  Mr. Goldsmith is a veteran criminal defense lawyer who has represented defendants in state and federal court since 1981.  Although he was originally paid by petitioner, during the course of the proceedings, petitioner became indigent and the Court appointed Mr. Goldsmith as petitioner's attorney.

Mr. Goldsmith met with petitioner at least six times before trial, while petitioner was detained in the Federal Detention Center in SeaTac, Washington.  These meetings lasted between approximately 35 minutes and 90 minutes.  Almost all the meetings were held without an interpreter being present. At trial, however, an interpreter was present.

During these meetings, Mr. Goldsmith discussed aspects of the case with petitioner and advised him of ongoing plea negotiations he was conducting with the government attorney who was prosecuting the case. According to Mr. Goldsmith's testimony, he advised petitioner that the government had two pieces of evidence that were particularly damaging:  (1) a surveillance videotape that showed petitioner waiting at his apartment complex, along with the other alleged co-conspirators, for the government's "confidential source" to show up to buy drugs; and (2) the

proffered testimony of a co-defendant, Xuan Nguyen, who had pled guilty and was cooperating with the government. Because of this strong evidence against him, Mr. Goldsmith advised petitioner to plead guilty and avoid going to trial. If he agreed to plead guilty, Mr. Goldsmith advised petitioner that he might serve only five years in prison, as opposed to the ten years he would likely face if convicted.

Notwithstanding Mr. Goldsmith's advice, petitioner decided against pleading guilty. He testified that he did not completely understand the importance of the evidence against him, and he continued to hope that his co-defendant Hung Nguyen would testify on his behalf. However, Hung Nguyen did not testify on petitioner's behalf, and petitioner was convicted by a jury of one count of conspiracy to distribute cocaine and one count of possession of cocaine with intent to distribute. (Dkt. No. 162 in Case No. CR04-180-JCC). He was sentenced to the mandatory minimum sentence, 120 months in prison. (*Id*.)

Petitioner appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed petitioner's conviction in an unpublished opinion. *See United States v. Le*, 2006 WL 751319 (9th Cir., March 23, 2006); (Dkt. No. 7, Ex. 1).

On November 17, 2006, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction. (Dkt. No. 1). On November 21, 2006, the motion was referred to the undersigned United States Magistrate Judge. (Dkt. No. 2). The Court directed the government to respond. (Dkt. No. 3). After receiving an extension of time, the government filed its answer on February 1, 2007. (Dkt. No. 7). The Court requested the government for further briefing and the government filed a supplemental answer on March 3, 2007. (Dkt. No. 9). In the supplemental answer, the government suggested that the Court hold an evidentiary hearing to resolve petitioner's claim that Mr. Goldsmith was ineffective. (*Id*. at 3-4). The Court agreed and appointed counsel to represent petitioner at the hearing. (Dkt. No. 12).

On August 27, 2007, petitioner's appointed counsel, Anna Tolin, filed a motion to

withdraw. (Dkt. No. 18). The motion was filed under seal due to the nature of the request for withdrawal. The Court granted the motion and appointed new counsel to represent petitioner. (Dkt. No. 21). The evidentiary hearing was originally set for January 17, 2008, but the parties jointly requested that the hearing be continued. (Dkt. No. 26). The hearing was re-scheduled for February 19, 2008. The hearing was held that day, with two witnesses testifying: Mr. Goldsmith and petitioner. The matter is now ready for review.

## DISCUSSION

Petitioner raised three grounds for relief in his § 2255 motion. The first two grounds relate to testimony introduced at petitioner's trial and the third is his claim that Mr. Goldsmith provided ineffective assistance of counsel. The government argued in its answer that the first two grounds are barred from the Court's consideration because petitioner raised these issues in his direct appeal. (Dkt. No. 7 at 3). Issues raised on direct appeal may not be relitigated in a § 2255 motion, absent an intervening change in the law. *See United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999).

Upon review of the record, the Court concludes that the government is correct that petitioner raised his first two grounds in his direct appeal and consequently cannot raise them again here. Petitioner's first ground for relief – that the trial court erred in admitting hearsay statements by a confidential informant – was addressed by the Ninth Circuit, which ruled that the "statements do not violate the Confrontation Clause because the district court permitted them to be read to the jury to provide context for the statements of [petitioner's] co-defendant, not to prove the truth of their contents." *See United States v. Le*, 2006 WL 751319 at *2. (Dkt. No. 7, Ex. 1 at 2). Petitioner's second ground for relief – that the trial court erred in admitting testimony related to drug use and drug ledgers – was not specifically discussed by the Ninth Circuit. However, petitioner raised the claim in his brief to the Ninth Circuit and the appellate court implicitly rejected it by affirming his conviction. (Dkt. No. 9 at 2). Accordingly, petitioner may not relitigate either of his first two grounds for relief here and they should be

REPORT AND RECOMMENDATION
PAGE 4

denied.

Regarding petitioner's claim that trial counsel was ineffective, petitioner originally contended in his § 2255 motion that he did not understand the plea offer from the government due to a language barrier, and further asserted that Mr. Goldsmith gained financially by advising petitioner to reject the plea and proceed to trial. (Dkt. No. 1 at 11). However, at the evidentiary hearing, counsel for petitioner abandoned the "financial motive" argument and limited his focus to the "language barrier" claim. Consequently, the Court will address this sole claim.

Claims of ineffectiveness of counsel are reviewed according to the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984)." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). In order to prevail, petitioner must establish two elements. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Regarding the first prong of the *Strickland* test, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In addition, the Supreme Court has stated that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

REPORT AND RECOMMENDATION
PAGE 5

Case 2:06-cv-01666-JCC   Document 30   Filed 02/22/08   Page 6 of 7

Here, the Court has little difficulty in concluding that petitioner has failed to meet the deferential standard set forth in *Strickland*. It is undisputed that throughout the entire course of his meetings with Mr. Goldsmith, petitioner never once stated that he had difficulty understanding him, nor did petitioner raise this issue to the trial court. Without *any* indication from petitioner that he was not understanding their discussions, Mr. Goldsmith was not compelled to call for an interpreter, and his decision to not use one cannot be said to fall outside "the wide range of reasonable professional assistance" permissible under *Strickland*.[1] 466 U.S. at 689.

In addition, even if he were able to satisfy the first prong of *Strickland*, petitioner cannot show that he suffered any prejudice due to his counsel's deficient performance. Petitioner conceded at the evidentiary hearing that Mr. Goldsmith had discussed with him the damaging videotape; in fact, they watched it together. Petitioner further admitted that Mr. Goldsmith told him that going to trial would likely lead to conviction. Finally, it is undisputed that on the final day that the government's plea offer remained open, Mr. Goldsmith met with petitioner and on that occasion, decided to bring an interpreter. Mr. Goldsmith testified that he brought an interpreter that day because he wanted to be sure that there was no ambiguity about the government's final offer. The interpreter translated word-for-word the letter that contained the plea offer, as well as the damaging testimony proffered by petitioner's co-defendant. Therefore, even if there had been a language barrier up to that point that clouded petitioner's understanding of the plea agreement, the barrier would have been removed by the use of the interpreter. Petitioner accordingly cannot show prejudice under *Strickland*, and his third ground for relief should be denied.

---

[1] The fact that an interpreter was used in court to assist petitioner in following the trial does not support petitioner's claim that he needed one in his cell to follow his attorney's comments, as the two situations are very different. In fast-paced court proceedings, petitioner would not have the same opportunity to ask questions of the speaker or to request clarification.

REPORT AND RECOMMENDATION
PAGE 6

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2255 motion be denied and this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of February, 2008.

MONICA J. BENTON
United States Magistrate Judge